## MARION COUNTY v. GALVIN.

I. **Taxation:** ASSESSMENT: PENALTY FOR REFUSING TO MAKE OATH TO INVENTORY. A tax-payer cannot be made liable to the penalty prescribed by § 824 of the Code, for refusing to make oath or affirmation to the inventory of his taxable property, unless it is shown that, before the oath or affirmation was demanded by the assessor, the latter informed him of the valuation put upon his property, and of his right to appear before the board of equalization for a change of the assessment, if he felt aggrieved thereby, as required by § 2, Chap. 109, Laws of 1880.

*Appeal from Marion Circuit Court.*

WEDNESDAY, OCTOBER 19

ACTION under the statute to recover of the defendant a penalty for refusing to make oath or affirmation to the correctness of the inventory of his taxable property as given by him for taxation. There was a trial to the court, and judgment was rendered against the defendant as claimed. He appeals.

*Stone & Gamble*, for appellant.

*T. J. Anderson*, for appellee.

ADAMS, CH. J.—In 1885, and again in 1886, the

defendant gave the assessor an inventory of his prop-
erty for taxation. The petition avers that he refused to
make oath or affirmation to either inventory. This the
defendant denied. Precisely what was said between the
assessor and the defendant, especially when assessed in 1885,
is not very clearly shown. But we do not need to deter-
mine this question. Section 824 of the Code provides that
the assessor shall administer an oath or affirmation, etc. But
it was provided by the Eighteenth General Assembly (chap-
ter 109, § 2,) that the assessor shall, before administering
the oath or affirmation, as provided in section 824 of the
Code, to the person assessed, inform him of the valuation
put upon his property, and notify him that, if he feels
aggrieved, to appear before the board of equalization, and
show why the assessment should be changed.

It is evident that the assessor has no authority to require
the oath or affirmation, or administer the same, until he has
given such information and notice. The refusal to make
oath or affirmation which, under the statute, subjects the
person assessed to the penalty in question, must be a refusal
made to a person who has authority to require the oath or
affirmation. It was, we think, incumbent upon the plaintiff
to show that the assessor had such authority. On this point,
if there is any evidence at all, we think it appears that the
assessor did not give the information or notice, and did not
have the authority. The refusal, then, if there was one, was
not the refusal contemplated by the statute; and the defend-
ant, we think, did not become liable to the penalty.

REVERSED.